

Wiggin and Dana LLP
437 Madison Avenue
35th Floor
New York, New York
10022
www.wiggin.com

Timothy A. Diemand
Michael L. Kenny, Jr.
212.551.2628
212.551.2888 fax
tdiemand@wigginc.com
mkenny@wiggin.com

**By ECF**

November 29, 2019

The Hon. Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
Room 240
New York, New York 10007

Re:   Alexion Pharmaceuticals, Inc. v. Therapure Biopharma, Inc., No. 19-cv-08119

Dear Judge Caproni:

Pursuant to the Notice of Initial Pretrial Conference (Dkt. 7), the Order adjourning the Initial Pretrial Conference to December 6 (Dkt. 19), and Your Honor's Individual Practice Rule 3, the parties hereby respectfully submit this joint letter and the attached proposed Case Management Plan.

1. **Statement of the Case**

*Plaintiff's Statement*: This case arises out of out of the failure of defendant Therapure Biopharma Inc. ("Therapure") to refund amounts originally paid pursuant to a Master Services Agreement (the "MSA") and a Statement of Work dated January 10, 2017 ("SOW #1766"). Despite confirming the debt and entering a repayment plan with plaintiff Alexion Pharmaceuticals, Inc. ("Alexion"), Therapure has refused to pay the remaining outstanding balance of $818,622.11.

Alexion and Therapure entered the MSA effective December 4, 2015.  The MSA contemplated that Alexion would submit work orders to Therapure for the processing of therapeutic protein product.  SOW #1766 was executed by representatives of Alexion and Therapure on January 23 and 24, 2017 respectively. Pursuant to SOW #1766, Therapure was required to manufacture, during calendar year 2017, fourteen batches of a specified product for Alexion. At the time SOW #1766 was executed, Therapure was holding a Deposit of $1,863,225 from a prior order, Statement of Work #1656.

Under SOW #1766, Therapure was to apply the $1,863,225 deposit from Statement of Work #1656 (the "Deposit") to SOW #1766. Therefore, "[n]o additional Deposit is required for this SOW [1766]."  SOW #1766 was terminated.  Upon termination, there was a remaining deposit balance of $1,818,622.11.

November 29, 2019
Page 2

      In June 2018, Therapure confirmed that Alexion was owed a refund of $1,818,622.11. In July 2018, Alexion accordingly sent a letter to Therapure demanding payment of the $1,818,622.11 remaining deposit.

      In July 2018, Therapure's Chief Financial Officer proposed the following repayment plan:

      August 1, 2018 - $500,000
      September 1, 2018 - $500,000
      October 1, 2018 - $500,000
      November 1, 2018 – "the remaining balance" [$318,622.11]

      Despite making the August 1, 2018 and September 1, 2018 payments, Therapure failed to make the October 1, 2018 payment for $500,000 and the November 1, 2018 payment for $318,622.11.  In April 2019, Alexion again sent a demand letter to Therapure seeking payment of the remaining amount due. Without any meaningful explanation, Therapure has failed to make any of the required remaining payments.

      Alexion accordingly brought this action by filing a complaint (Dkt. 1) on August 30, 2019.  The complaint asserts that Therapure is liable to Alexion for claims sounding in: (i) breach of contract for Therapure's breach of the MSA, SOW#1766, and the subsequent payment plan  (Count I); (ii) unjust enrichment for Therapure's retention of the remaining deposit owed to Alexion (Count II); and (iii) promissory estoppel for Therapure's broken, written promise to make repayment of the remaining deposit in installments to occur on August 1, 2018, September 1, 2018, October 1, 2018 and November 1, 2018 (Count III). Alexion seeks damages from Therapure totaling $818,622.11 together with pre-judgment and post-judgment interest and the cost of collection including attorney's fees.

      Therapure has not yet responded to the complaint.  Allegedly "require[ing] more time to investigate the underlying facts regarding the cancellation of the contract at issue in the Complaint and to explore if there is an opportunity for meaningful settlement talks with Plaintiff" (Dkt. 15), Therapure sought an extension of its pleading deadline on October 8, 2019.  The Court granted the request, giving Therapure's until November 10, 2019.

      **Defendant's Statement**: Defendant Therapure Biopharma, Inc. ("Therapure" or "Defendant") is a Canadian corporation with its principal place of business in Canada.  As set forth in its motion to dismiss (Dkt. 22), the Complaint fails to state claims for promissory estoppel and unjust enrichment under Fed. R. Civ. P. 12(b)(6), because such claims arise out

November 29, 2019
Page 3

of and are related to the same facts that give rise to the breach of contract claim and are duplicative of that claim.  Therefore, Therapure has moved to dismiss the promissory estoppel and unjust enrichment claims.  If the motion is granted, this action will contain a single claim for breach of contract..

As to the breach of contract cause of action, Therapure disputes the statements by Alexion as will be shown.

2. **Statement of Contemplated Motions**

*Plaintiff's Statement*: Alexion reserves its right to file a motion pursuant to Fed. R. Civ. P. 12(b) and/or (c) after it has had the opportunity to review Therapure's response to the complaint.  Alexion intends to move for summary judgment, if necessary, at the appropriate time.

*Defendant's Statement*: Therapure has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 22).  Therapure may file a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Therapure does not anticipate any other dispositive motion practice at this time.

3. **Basis for Subject Matter Jurisdiction**

*Plaintiff's Statement*: This Court has jurisdiction over the subject matter of this action and of the parties pursuant to 28 U.S.C. § 1332. The parties are diverse, and the amount in controversy exceeds the sum of seventy-five thousand dollars, exclusive of interest and costs.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). The Parties have consented "to the exclusive jurisdiction of the federal courts sitting in New York State" for any claim.

*Defendant's Statement*: Therapure did not challenge the Court's venue or subject matter jurisdiction in its motion to dismiss.

4. **Prospect for Settlement**

The parties are engaged in settlement discussions and hope to resolve the matter in the near term.

November 29, 2019
Page 4

Respectfully submitted,

| | |
|---|---|
| Timothy A Diemand | Jeffrey I. D. Lewis |
| Michael L. Kenny | Victoria V. Corder |
| WIGGIN AND DANA LLP | NORTON ROSE FULBRIGHT US LLP |
| | |
| By: */s/ Michael L. Kenny* | By: */s/ Jeffrey I. D. Lewis*            |
|         Timothy A Diemand |         Jeffrey I. D. Lewis |
|         Michael L. Kenny |         Victoria V. Corder |
| | |
| *Counsel for Plaintiff* | *Attorneys for Defendant* |
| *Alexion Pharmaceuticals, Inc.* | *Therapure Biopharma, Inc.* |

Attachment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
: 
: 
: 
Alexion Pharmaceuticals, Inc.                                           : 
:                    1:19 -CV- 08119 (VEC)
:
:                    CIVIL CASE
:                    MANAGEMENT PLAN
         Plaintiff(s),                                                  :    AND SCHEDULING
  -v-                                                                   :         ORDER
:
:
:
Therapure Biopharma, Inc.                                               :
:
:
:
:
         Defendant(s).                                                  :
------------------------------------------------------------------------X

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.      All parties [consent _____ / do not consent  X  ____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. In addition, they shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf, within three days of submitting this Proposed Case Management Plan and Scheduling Order.*]

2.      Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within  30  days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

3.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than  14  days from the date of this Order. [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

4.      [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than  Not applicable.                              .

5. Discovery

   a. All fact discovery shall be completed no later than <u>March 6, 2020</u>. [*A date not more than 90 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

   b. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than <u>April 21, 2020</u>. [*Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 5(a) (i.e., the completion of all fact discovery).*]

   c. Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

   d. In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

6. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

   _____   Immediate referral to the District's Mediation Program

   \_\_X\_\_\_   Immediate referral to a Magistrate Judge

   _____   Referral to the District's Mediation Program after the close of fact discovery

   _____   Referral to a Magistrate Judge after the close of fact discovery

   _____   Other

7. This case [is _____ / is not \_\_X\_\_\_] to be tried to a jury.

8. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
   Defendant has filed a partial motion to dismiss Counts II and III. See Dkt. 22.

2

9. This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

10. The next pretrial conference is scheduled for March 13, 2020 at 10:00 a.m. in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. [*Unless otherwise ordered, 10:00 a.m. on the first Friday after the deadline for completion of all fact discovery as set forth in paragraph 5(a).*]

    By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:
    a. a statement of all existing deadlines, due dates, and/or cut-off dates;

    b. a brief description of any outstanding motions;

    c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

    d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

    e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

    f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

    g. any other issue that the parties would like to address at the pretrial conference; and

    h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:

/s/ Michael Kenny, Wiggin and Dana  
Counsel for Plaintiff

/s/ Victoria V. Corder, Norton Rose Fulbright  
Counsel for Defendant

**SO ORDERED.**

**Date:** _____   _____
   **New York, New York**         **VALERIE CAPRONI**
                                  **United States District Judge**

3